In re MULTI–PIECE RIMS PRODUCTS LIABILITY LITIGATION.

M.D.L. No. 362.

United States District Court, W. D. Missouri, W. D.

June 30, 1982.

Joseph A. Sherman, E. Wayne Taff, Jackson & Sherman, Kansas City, Mo., liaison for defendant AMF.

Robert R. Raymond, George Barton, Shughart, Thomson & Kilroy, Kansas City, Mo., liaison for Kelsey-Hayes.

William Freivogel, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., Robert Horn, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., lead and liaison for the Firestone Tire & Rubber Co.

Danny L. Curtis, Niewald, Risjord & Waldeck, Kansas City, Mo., lead and liaison for plaintiff's steering committee.

Lawrence R. Brown, John C. Noonan, Paul E. Donnelly, Stinson, Mag & Fizzell, Kansas City, Mo., liaison for defendant the Goodyear Tire & Rubber Co.

ORDER DENYING DEFENDANTS' MOTIONS TO EXCLUDE FROM PROBABLE USE IN EVIDENCE CERTAIN ITEMS OF CORRESPONDENCE BETWEEN THEMSELVES AND THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION

COLLINSON, Senior District Judge.

On January 22, 1982, The Goodyear Tire & Rubber Company, Firestone Tire & Rubber Company, Kelsey-Hayes, and The Budd Company filed motions to exclude from evidence certain items of correspondence between their respective corporations and a Mr. Lynn L. Bradford, an employee of the National Highway Traffic Safety Administration (NHTSA). Plaintiffs have filed suggestions in opposition to the motions.

In 1978, the National Highway Traffic Safety Administration initiated an "engineering analysis" of all multi-piece rims manufactured in the United States. This "analysis" is known as EA9:005. The manufacturing defendants, among others, provided data relative to the RH–5 and K-type

rims and wheel assemblies and other multi-piece and single-piece wheel assemblies to the federal government. EA9:005 has been inactive for almost two years.

Lynn L. Bradford, Acting Director of NHTSA's Office of Defects Investigation, sent letters to employees of Goodyear, Firestone, The Budd Company and Kelsey-Hayes in the fall of 1979.[1] In these letters, Bradford reported to the four manufacturers that NHTSA had received information from various sources that the RH–5 and K-type rims had been involved in significantly higher numbers of accidents than most types of multi-piece rims. Bradford went on to say that this significantly higher rate was totally unacceptable and pointed to an inherent safety defect of the rims. He then urged the manufacturers to initiate a voluntary recall campaign of RH–5 and K-type rims. Such voluntary action, he maintained, would "obviate . . . the necessity of further investigative effort, and the scheduling of administrative enforcement proceedings."

After receipt of Bradford's correspondence, a Mr. Joseph Hutchison of The Goodyear Tire & Rubber Company responded to NHTSA by way of a letter dated December 14, 1979. Mr. Hutchison read this letter aloud at a NHTSA meeting on November 17, 1979. The letter stated that Goodyear did not agree with Bradford that the accident data pointed towards an inherent safety defect in K-type rims. Rather, Goodyear felt that accidents were the result of improper servicing procedures or the use of worn-out components. Hutchison did, however, indicate at this meeting that Goodyear would comply with Bradford's recommendation to voluntarily recall K-type rims and he left a proposed "customer recall letter" with NHTSA which Goodyear indicated it would use to effect such a recall.

1. NHTSA wrote four letters, one each to Goodyear (dated November 20, 1979); Budd (dated October 19, 1979); Kelsey-Hayes (dated October 22, 1979); and Firestone (dated October 12, 1979).

2. These letters have been deemed admissible in two state court multi-piece rim cases: *Kuiper*

The manufacturing defendants have moved this Court to exclude from evidence the Bradford letters and related correspondence between themselves and NHTSA. Goodyear has also moved to exclude the Hutchison letter. Suggestions supporting the motions recite common objections to admissibility, namely: (1) that the letters are not relevant to any issue in these lawsuits, (2) they constitute hearsay and (3) they could, if admitted, confuse, mislead and prejudice the jury.

The Court feels that the Bradford letters are relevant to these consolidated lawsuits.[2] In order to be relevant evidence under Fed. R.Evid. 401, the letters must tend to make the existence of any fact important to the determination of these actions more probable or less probable than it would be without the evidence. These letters need not be per se determinative of any issue in order to be relevant. The Court feels that Bradford's correspondence, written in his official capacity as Acting Director of Defects Investigation for NHTSA, tends to support plaintiffs' allegations that the defendants' products are defective. Likewise, we find that the letter of Joseph Hutchison to NHTSA and the "recall letter" tend to support this same conclusion.

The defendants maintain that even if the Court finds the Bradford letters relevant, they are nevertheless inadmissible as hearsay under Fed.R.Evid. 802. Goodyear has specifically argued that these materials do not meet the criteria of any recognized exception to the hearsay rule under Fed.R. Evid. 803 and that they lack substantial guarantees of trustworthiness. We cannot agree.

Federal Rule of Evidence 803 recites in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*v. Goodyear Tire & Rubber Company*, D.C. 8th Judicial District of the State of Montana in and for the County of Cascade, No. ADV 79–1108; and *Little v. Shelton* in the Circuit Court of Union County, Arkansas, 2nd Division, No. Civ. 78–266.

(1) ...

(8) *Public records and reports.* Records, reports, statements of data, compilations, in any form, of public offices or agencies, setting forth ... (c) ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The plaintiffs have stated in their suggestions opposing the motions to exclude evidence that the letters were written by Mr. Bradford in his official capacity with NHTSA and cite "factual findings resulting from an investigation made pursuant to authority granted by law." We agree with this characterization and thus find these letters squarely within the hearsay exception defined by Fed.R.Evid. 803(8)(C). The NHTSA undertook EA9:005 to investigate multi-piece rims and the Bradford letters are correspondence in the nature of evaluative reports on the information disclosed by the engineering analysis. In *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.*, 505 F.Supp. 1125 at 1145 (E.D.Pa.1980), the district court held:

Although it is not entirely clear until the case law began to develop, it is now generally accepted ... that under the aegis of 803(8)(C) evaluative reports of public agencies (i.e., those rendering normative judgments or opinions, not just reciting facts) are admissible. See *Melville v. American Home Assurance Co., supra,* 443 F.Supp. 1064.

The admissibility of various types of evaluative reports and other materials under 803(8)(C) has been sanctioned in numerous cases. See, e.g. *Lloyd v. American Export Lines, Inc.,* 580 F.2d 1179 (3rd Cir. 1978), cert. denied 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978) (factual findings of hearing examiner and Coast Guard proceeding admissible); *Baker v. Elcona Homes Corp.,* 588 F.2d 551 (6th Cir. 1978), cert. denied 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979) (police report containing findings about color of traffic light at the time of accident admissible); *Sage v. Rockwell International Corp.,* 447 F.Supp. 1205 (D.N.H. 1979) (reports discussing general circumstances of an airplane crash and conclusions about the cause of the crash admissible); *Fraley v. Rockwell International Corp.,* 470 F.Supp. 1264 (S.D.Ohio 1979) (related case to *Sage, supra,* admitting report containing conclusions about the cause of the crash, but excluding report discussing general circumstances on the ground that it was prepared by inexperienced investigator and was therefore not trustworthy); *United States v. School District of Ferndale,* 577 F.2d 1339 (6th Cir. 1978) (findings of HEW hearing examiner admissible).

The text of Fed.R.Evid. 803(8)(C) allows the trial court discretion in excluding evidence normally within its ambit where "sources of information or other circumstances indicate lack of trustworthiness." Thus, the point at issue now is whether the Bradford letters are sufficiently "trustworthy" to warrant admission into evidence.

The Advisory Committee note accompanying Fed.R.Evid. 803(8)(C) outlines the criteria for determining trustworthiness of evaluative reports in the form of a four-part test: (1) the timeliness of the investigation; (2) the special skill and experience of the official; (3) whether a hearing was held and the level at which conducted; and (4) possible motivation problems.

The Court shall consider the letters with reference to each component of the test.

The timeliness of the investigation giving rise to the Bradford letters does not trouble us. Although the "engineering analysis" was only a few months old when the Bradford letters were written, NHTSA had considered "[its] past decisions concerning multi-piece rims and wheels, information obtained during past defect investigations and recently acquired data." Thus, NHTSA was not breaking entirely new ground when it undertook EA9:005. Moreover, the basic conclusion of the Bradford letters, i.e., that RH–5 and K-type rims had been involved in a significantly higher number of accidents of "explosive disassembly" is not likely to be a conclusion subject to extensive reconsideration, modification or reversal.

With reference to the other elements of the trustworthiness test, we find that Lynn L. Bradford, as Acting Director of the Office of Defects Investigation, had the requisite skill and experience to properly evaluate the data collected during EA9:005. Indeed, none of the manufacturing defendants has challenged his expertise. Although a hearing was not held pursuant to EA9:005, it nevertheless appears that a significant amount of information obtained by NHTSA in EA9:005 was supplied by the manufacturing defendants themselves. Finally, there has been no hint of a "motivation" problem with Bradford.

Absent persuasive evidence to the contrary, we find that the Bradford letters are fully within the exception to the hearsay rule defined by Fed.R.Evid. 803(8)(C) and are sufficiently trustworthy to warrant admission.

The letter from Joseph Hutchison to NHTSA and the "recall letter" are in the nature of admissions of a party opponent and they would also be otherwise admissible as business record exceptions to the hearsay rule, pursuant to Fed.R.Evid. 803(6).

The defendants have argued in their suggestions that the Bradford correspondence should be excluded pursuant to Fed.R.Evid. 403 because of "the danger of unfair prejudice, confusion of the issue, or misleading the jury, or ... consideration of undue delay, waste of time or needless presentation of cumulative evidence." Defendant Goodyear has also warned that the Bradford letter "bears the imprimatur of the United States Government" and that the jury might assign it too much weight. The Court is mindful of the cautionary language of Fed.R.Evid. 403, but feels in this instance, that the probative value of this evidence is not outweighed by its possible prejudicial effects.[3]

Therefore, after due consideration and in the interests of justice, it is

ORDERED that the motions of The Goodyear Tire & Rubber Company, The Firestone Tire & Rubber Company, Kelsey-Hayes and The Budd Company to exclude from possible use in evidence certain items of correspondence between themselves and the National Highway Traffic Safety Administration, filed January 22, 1982, shall be, and hereby are, denied.

---

**3.** It is expected that the trial judge will give a limiting instruction to the jury to the effect that they are not bound by the letters, but rather must consider them as evidence along with the other evidence.