Linda J. FRALEY et al., Plaintiffs,

v.

ROCKWELL INTERNATIONAL
CORPORATION, Defendant.

No. C-3-78-226.

United States District Court,
S. D. Ohio, W. D.

May 30, 1979.

Laurence E. Sturtz, Columbus, Ohio, for plaintiffs.

Collis G. Lane, Columbus, Ohio, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon the motion of plaintiffs Linda J. Fraley, Jessica Fraley and Robert Fraley (plaintiffs) for permission to admit two public reports into evidence at trial. For the reasons which follow, plaintiffs' motion is affirmed in part and denied in part.

### A. *Facts*

The facts which generated plaintiffs' motion date from December 21, 1975. On that day, Lt. R. M. Fraley, USN, used an airplane manufactured by defendant Rockwell International Corporation (Rockwell) to train another naval officer. During Lt. Fraley's use of the airplane, problems developed which caused the airplane to crash near Ukiah, California. Both Lt. Fraley and his trainee were killed in the crash.

The United States Navy issued two reports on the crash. The first report issued was prepared by the Judge Advocate General's office and discussed the general circumstances surrounding the crash (JAG Report). The other report was prepared by the Naval Rework Facility at Alameda, California and contained conclusions about the cause of the crash which were developed from engineering analyses based upon the airplane wreckage (NARF Report).

Although the two reports focused on different points, the procedure used in compiling them was, with one exception, the same. Thus, both reports were based upon investigations which were conducted pursuant to federal law; both reports were based upon investigations which commenced shortly after the crash; both reports relied exclusively upon hearsay statements given by military and non-military sources; and both reports were based upon information which was not subjected to cross-examination. However, only the NARF Report was prepared by an investigator who had had prior experience investigating airplane crashes.

Shortly after these reports were published, plaintiffs sued Rockwell. As part of their discovery, plaintiffs asked Rockwell to admit that certain facts contained in the two public reports were true. Rockwell refused plaintiffs' request.

Because of Rockwell's refusal, plaintiffs filed the motion which is now being considered. In essence, plaintiffs contend that the public reports should be admitted into evidence at trial because they fall within the public records exception to the general hearsay rule. See *Fed.R.Evid.* 803(8)(C).

### B. *Applicable Law*

Generally speaking, ". . . a statement, other than one made by the declarant while testifying at . . . (a) trial or hearing," is not admissible if it is ". . . offered in evidence to prove the truth of the matter asserted." *Fed.R.Evid.* 801(c); *Fed.R.Evid.* 802. This is because the declarant did not make the statement under the truth-inducing protections of oath, personal. presence at trial and cross-examination. 4 Weinstein's Evidence 800(01).

There are numerous exceptions to this rule. Rule 803 of the Federal Rules of Evidence lists twenty-four (24) circumstances in which ". . . a hearsay statement possess[es] circumstantial guarantees of trustworthiness . . . to justify non-production of the declarant in person at trial even though he may be available." See *Advisory Committee Note to Rule 803.* Similarly, Rule 804 of the Federal Rules of Evidence lists five (5) circumstances in which a hearsay statement possesses equivalent guarantees.

One of the most controversial exceptions to the hearsay rule is section "C" of Rule 803(8). It provides that factual findings, which are the result of ". . . an investigation made pursuant to authority granted by law . . ." and which are contained in ". . . records, reports, statements, or data compilations . . . of public offices or agencies," are admissible ". . . unless the sources of information or other circumstances indicate lack of trustworthiness." *Fed.R.Evid.* 803(8)(C).

■ In practice, four criteria must be satisfied for Rule 803(8)(C) to apply. First, the hearsay statement contained in the public document must constitute a factual finding. Second, the factual finding must have resulted from an investigation authorized by law. Third, the declarant must have had first-hand knowledge of the matter asserted. Fourth, the hearsay statement must be trustworthy.

■ The first criterion is satisfied when the public document is either a finding of fact that was established by direct evidence or a finding of fact that was established by circumstantial evidence. *Baker v. Elcona Homes Corp.,* 588 F.2d 551 (6th Cir. 1978). For example, a statement in a public document that, based upon the personal observations of the author of the document, schools in areas populated by blacks were physically inferior to those in areas populated by whites would constitute a finding of fact based upon direct evidence because the existence of the finding of fact rests upon only the inference that the author was telling the truth. Alternatively, a statement by the same author in the same document that the schools in black areas had been established and maintained as black schools for segregative purposes would constitute a finding of fact based upon circumstantial evidence because the statement is based upon the inference that the author is telling the truth, as well as the inference that the statement about segregative intent follows from findings of fact based upon direct evidence. See *United States v. School District of Ferndale, Michigan,* 577 F.2d 1339 (6th Cir. 1978).

■ The second criterion is satisfied if the investigation upon which the public document is based was sanctioned by law. Although Rockwell argues that the investigation must be required by law, the language of Rule 803(8) suggests otherwise. Section "B" of Rule 803(8), which does require that the underlying investigation be required by law, uses the language ". . . as to which matters there was a duty to report . . ." to convey this message. By contrast, Section "C" of Rule 803(8) provides that the investigation need only be ". . . made pursuant to authority granted by law." It would seem that the drafters of the rule would have used identical language in both Sections if investigations covered under Section "C" had to be required by law, rather than merely permitted by it.

■ The third criterion can be satisfied in either of two ways. Ideally, the author of the document actually will have had first-hand knowledge of the factual findings which he has made. However, if he

does not, the first-hand knowledge requirement imposed by Federal Rule of Evidence 602 still can be satisfied if the author had first-hand knowledge of the statements made by declarants who did have first-hand knowledge of the facts mentioned in the factual findings made in the public document.

■ Satisfaction of the final criterion depends, to a large extent, upon the court which is reviewing the evidentiary problem. Nevertheless, there are at least four factors which most courts review in making a determination of trustworthiness. These are: (1) the timeliness of the investigation; (2) the special skill or experience of the official who conducted the investigation and who reported it; (3) whether a hearing was held on the level at which the investigation was conducted; and (4) possible motivational problems. See *Baker, supra.*

■ It should be noted that a public report which satisfies all of these criteria still may be inadmissible. If the factual findings in the public document themselves are based upon hearsay, then the underlying hearsay also must fit within an exception to the general hearsay rule for the public document to be admissible. *Fed.R.Evid.* 805. Therefore, whenever public documents are offered into evidence, the first inquiries always should be whether the factual findings in the public documents rest upon hearsay and, if so, whether that hearsay is excepted from the general hearsay rule.

C. *Application of Law to Present Case*

■ Tested against these principles, the NARF Report is admissible, but the JAG Report is not. While both reports present the problem of hearsay based upon hearsay, the exception which plaintiffs contend supports admissibility will cover both layers of hearsay only in the NARF Report.

1. NARF Report.

The NARF Report contains two levels of hearsay. The first level of hearsay is the report to Mr. Yim. The second level of hearsay is Mr. Yim's Report, i. e. the NARF Report. These levels of hearsay must be considered separately to determine whether each is excepted from the general hearsay rule.

The first level of hearsay in the NARF Report satisfies the criterion set down for application of Federal Rule of Evidence 803(8)(C). The information provided to Mr. Yim constitutes a finding of fact established by either direct or circumstantial evidence; the information is sanctioned by law (See 5 U.S.C. § 301; 44 U.S.C. § 3101); the information was provided by witnesses with first-hand knowledge; and the Court determines that their information is trustworthy.

The NARF Report itself, as the second level of hearsay, also satisfies the criteria of Federal Rule of Evidence 803(8)(C). Again, the document is a finding of fact established by direct or circumstantial evidence which is sanctioned by law. Although the author relied in part on witness' statements, these statements were made by declarants with first-hand knowledge of the facts. Finally, the document is trustworthy because it has been prepared by an investigator who had had prior experience investigating airplane crashes.

2. JAG Report.

The JAG Report also contains two levels of hearsay. The first level of hearsay is the assorted statements. The second level of hearsay is Rolfe's report; i. e. the JAG Report.

Without deciding whether the first level of hearsay satisfies the criteria of Rule 803(8)(C), we hold the JAG Report inadmissible for lack of trustworthiness. The document was prepared by an inexperienced investigator in a highly complex field of investigation. Thus, this document lacks the reliability necessary to be admitted into evidence.

Accordingly, the motion of plaintiffs for the admission of the NARF Report is hereby GRANTED; the motion for admission of the JAG Report is hereby DENIED.

It is so ORDERED.