Billy Ray WALLACE, Appellant,

v.

The STATE of Texas, Appellee.

No. 552–86.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 1, 1989.

Rehearing Denied Jan. 17, 1990.

Jim Vollers, Austin, for appellant.

James L. Chapman, Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of capital murder. When the jury was unable to reach a verdict at the punishment phase, appellant was sentenced to life imprisonment. Art.

37.071(e) V.A.C.C.P. In a published opinion, the Texarkana Court of Appeals affirmed appellant's conviction. *Wallace v. State*, 707 S.W.2d 928 (Tex.App.—Texarkana 1986). We granted three of appellant's grounds for review [1] in order to determine whether the Court of Appeals erred in holding: (1) that the trial court did not err in refusing appellant's request to make a bill of exception; [2] and (2) that the trial court properly relied upon circumstantial evidence to support elements of the predicate set out in *Edwards v. State*, 551 S.W.2d 731 (Tex.Cr.App.1977) [3]. We will affirm the judgment of the Court of Appeals.

On July 22, 1979, Janyth Wallace disappeared from her home in Sulpher Springs Texas. Her abandoned car was found near Rockwall, Texas. Her keys were in the ignition and her purse was in the car. Initially, law enforcement officers believed that Ms. Wallace had been kidnapped. Approximately three weeks later, the Wallace home burned down. Soon after, Jesse Shaw, an employee at the Wallace Dairy, was arrested for arson. Shaw confessed to the arson and to his part in the murder of Ms. Wallace. After confessing, Shaw called appellant from the District Attorney's office. This conversation was recorded. Shaw was next fitted with hidden recording equipment and secretly accompanied by police to appellant's home. Shaw and appellant discussed appellant's hiring of Shaw to kill Ms. Wallace and a later payment to Shaw for burning down the house in order to destroy evidence of the murder. This conversation was recorded, the recording leading to appellant's arrest for the murder of his wife.[4]

In his twenty-seventh ground for review, appellant argues that the Court of Appeals failed to recognize his right to make a bill of exception at trial. At trial, appellant sought to prove that two State's exhibits, 176 and 177, were obtained through the use of illegally obtained evidence. Appellant contended that the State made the contents of a so-called "kidnap tape" known to Jesse Shaw in order to induce him to help in recording what were to be introduced as State's exhibits 176 and 177. At a hearing on this matter, appellant examined District Attorney James Chapman in order to determine whether Chapman discussed the "kidnap tape" with Shaw. The record reflects that the following occurred:

By MR. VOLLERS (for appellant)

Q: I believe that you have heard prior testimony by Mr. Wells concerning an occasion when you and Mr. Wells and Mr. Byers talked with Jesse Shaw; is that correct?

A: I heard that testimony.

Q: All right. Were you present at that conversation?

A: Which conversation?

Q: The one he described where he was present and you and Mr. Byers and Mr. Wells talked to Jesse Shaw.

A: Yes, I was present in the Hunt County Jail on December 4, 1979.

1. In his first ground for review appellant argues that admission of State's exhibit 176 was improper, and his second ground for review discusses exhibit 177. These grounds for review were grouped in appellant's petition and will be discussed jointly in this opinion.

2. This ground for review was designated number twenty-seven in appellant's petition for review.

3. The seven prong predicate emunerated in *Edwards* is herein set out:
(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement."
*Edwards*, 551 S.W.2d at 733.

4. These two tape recordings, the phone call and the conversation at appellant's home, serve as the basis for the second two grounds for review discussed in this opinion.

Q: At that time did you ever refer to or did anyone in your presence refer to the tape in question or conversations from the tape in question?

MR. CHAPMAN: Your Honor, I really don't know what that has to do with the admissibility of these tapes on December 5th. We object to that as being irrelevant and immaterial.

THE COURT: Sustained.

MR. VOLLERS: Your Honor, I would like to for purposes of a Bill of Exception have an answer to that question.

MR. CHAPMAN: Your Honor, if the Court wants to allow him a Bill, Judge, I'll answer it. If that is what the purpose of the question is we object to it as being irrelevant and immaterial at this point. If it is for the purpose of a Bill I'll answer the question. I'm not sure this is the time, though, to be going into that.

THE COURT: Let me see the lawyers over here just a minute.

(Discussion at the Bench)

THE COURT: The Court will deny the Defendant's request to make a Bill at this time.

Appellant argues that:

The court of Appeals erred in holding that the trial court did not commit reversible error in refusing to allow petitioner to lay a proper predicate for objection to the admissibility of tape recordings on the basis of illegal seizure.

The Court of Appeals held that the trial court did not refuse to allow appellant to make his bill of exception. Instead, it merely deferred the making of the bill, and appellant waived his bill by failing to pursue the issue at some later time.[5] We agree with the Court of Appeals' disposition of this point on this basis.

The trial court's ruling was not that appellant could not make a bill of exception, but rather that it would not be allowed at that time. Appellant had a statutory right to make a bill of exception up to the time that the trial judge delivered the court's charge to the jury. Art. 40.09(6)(d)(1) V.A. C.C.P. (in effect at the time of appellant's trial). In addition, appellant could have preserved error for appeal by proffering what testimony he believed would have been elicited from the witness. *Id.; Wilford v. State,* 739 S.W.2d 854, 861 (Tex.Cr. App.1987); *Harris v. State,* 642 S.W.2d 471, 479 (Tex.Cr.App.1982), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 159 (1987). Thus, the trial judge's ruling did not prevent appellant from placing the excluded testimony in the record for appeal and was not an adverse ruling, as is required to preserve error. See *Purtell v. State,* 761 S.W.2d 360, 372 (Tex.Cr.App. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989). Absent a definitive ruling, the trial judge did not commit error.

■ On direct appeal, appellant also argued that the failure of the State to use a contemporaneous witness to the taped conversation was a violation of his right to confrontation under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and the Court of Appeals rejected this argument. Because appellant did not urge this argument in his petition for discretionary review, we will not address it.

In his first and second grounds for review, appellant argues that the Court of Appeals erred in finding that circumstantial evidence may be used to establish the voluntariness and authenticity prongs of the predicate for admission of sound recordings.[6] See *Edwards,* 551 S.W.2d at

---

5. The Court of Appeals also held that the evidence appellant sought to admit was irrelevant and that the record failed to support the factual assertions relied upon by appellant for his theory of relevancy. We express no opinion as to these alternate holdings by the Court of Appeals.

6. We note that this case was tried before the effective date for the new rules of criminal evidence. Tex.R.Crim.Evid. 901(a) provides that the requirement that a piece of evidence authenticated is "satisfied by evidence to support a finding that the matter in question is

731. The Court of Appeals noted that there is no requirement that there be testimony from a contemporaneous witness of the recorded statement, that this Court has allowed the use of circumstantial evidence to prove other elements of the *Edwards* predicate, and that such a practice did not violate appellant's right to confrontation. Without citing authority, appellant argues that allowing circumstantial evidence to be used in this manner would mean that any audio tape would be admissible on its face, thus vitiating the requirements of *Edwards*.

■ Circumstantial evidence should be treated in the same manner as direct evidence. *Carlsen v. State,* 654 S.W.2d 444, 448–50 (Tex.Cr.App.1983) (opinion on State's motion for rehearing) (standard of review for sufficiency of circumstantial evidence same as for other evidence); *Hankins v. State,* 646 S.W.2d 191, 198 (Tex.Cr. App.1983) (opinion on State's motion for rehearing) (no need to instruct jury on circumstantial evidence). As such, we see no reason to create a unique category—the laying of an *Edwards* predicate—in which circumstantial evidence is distinguished from direct evidence.

The federal appellate courts addressing this question have also taken this approach to proof of a portion of the predicate for admission of sound recordings. E.g. *United States v. Bright,* 630 F.2d 804, 819 (5th Cir.1980); *United States v. Fuentes,* 563 F.2d 527, 532 (2d Cir.), *cert. denied, sub. nom. Sansone v. United States* 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977); *United States v. Haldeman,* 559 F.2d 31, 107–09 (D.C.Cir.1976) (en banc), *cert. denied sub. nom. Ehrlichman v. United States* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977), *reh. denied sub. nom Mitchell v. United States* 433 U.S. 916, 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977); *United States v. DiMuro,* 540 F.2d 503 (1st Cir. 1976), *cert. denied sub. nom. Hurley v. United States* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977).

The en banc opinion of the D.C. Circuit in *United States v. Haldeman,* 559 F.2d at 31, is particularly useful in demonstrating how circumstantial evidence may be used to satisfy the predicate for admission of sound recordings. This opinion also tends to dispel appellant's notion that use of circumstantial evidence will vitiate the requirements of *Edwards.*

In *United States v. Haldeman,* there was the joint appeal of several convictions arising from the "Watergate" break-in and subsequent cover-up. Thus, the basic facts are well known. The relevant issue was whether the famous "White House Tapes" could be introduced into evidence without the testimony of a participant to the recorded conversation or some other witness to that conversation. The Court discussed the installation of recording devices by the Secret Service; the manner in which agents marked the tapes with the time at which a conversation was recorded; the storage of the tapes in a vault; the cross-indexing of the tapes against the President's daily diaries; and the limited access afforded to all stages of this procedure. After setting out these facts, the Court concluded that there were sufficient indicia of reliability to assure that the tapes were authentic and unaltered. If one or more of these factors had not been present, there would not have been any indication, other than the con-

---

what its proponent claims." Rule 901 would arguably allow circumstantial evidence to be used to authenticate audio recordings.
(5) Voice identification. Identification of a voice, whether heard firsthand or *through mechanical or electronic transmission or recording* by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
(6) Telephone conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, *circumstances,* including self-identification, show the person answering to be the one called. . . .
Tex.R.Crim.Evid. 901(b) (emphasis added). Thus, had Rule 901 been applied in the instant case, *neither the result nor analysis to reach that result would likely have changed.*

858

tents of the tape itself, to suggest its authenticity. Thus the admissibility of those tapes was dependent on the *circumstances* of their making, not their *content.* This demonstrates why appellant's argument, in the instant case, that all tapes, henceforth, will be per se admissible, fails.

Having decided that the predicate for admission of audio tapes may be proven with circumstantial evidence, we now turn to the evidence introduced in regard to the tapes in the instant case in order to determine whether the evidence was sufficient to support the tapes' admission. The circumstantial facts supporting admission of the recording were set out as follows by the Court of Appeals:

> The testimony indicates that Shaw was observed during the recording of one telephone conversation; that he was equipped with the same tape recorder loaded with fresh tape before going to the Wallace house; that he was observed arriving at the Wallace residence and going into the front door of the house and leaving the house approximately thirty minutes later; that he was seen getting back into his car; that he was followed back to the district attorney's office; that the house had been under observation during the entire time that Shaw was in the house; that when Shaw returned to the district attorney's office the tape was immediately placed back in the presence of law enforcement officers; that the conversation on the tape lasted thirty minutes and twenty-one seconds, and that the tape had been kept in the custody of the district attorney's office and no changes had been made by anyone to the tape. Three witnesses testified that they were familiar with the voices of Jesse Shaw and Billy Ray Wallace and that they recognized those voices as being the same as were on the tape.

*Wallace,* 707 S.W.2d at 933.

■ First, there was sufficient circumstantial evidence to guarantee the authenticity of the telephone conversation. Testimony showed that a phone call was made by Shaw and recorded in the presence of the district attorney and another witness. The testimony further indicated that appellant's phone number was dialed. The chain of custody of the recording was established, and the absence of any lapses of possession serves to vouch for the authenticity of the recording. Finally, both appellant's and Shaw's voices were identified as those appearing on the recording. This testimony was sufficient to assure the accuracy and authenticity of the recording. Admission of the recording was not error and the Court of Appeal's holding was correct.

■ Second, the circumstantial evidence concerning the tape recording of the conversation at appellant's home was sufficient to assure the recording's authenticity and accuracy. Shaw was given a tape recorder and a blank tape. He was observed entering appellant's home and then leaving after approximately thirty minutes. No one was seen entering or exiting the building while Shaw was inside. Upon leaving, Shaw was relieved of the recorder and tape, and a chain of custody was established for the tape. The length of the recording was thirty-one minutes and twenty-one seconds. Thus, there was no opportunity for Shaw to alter the tape, and there is nothing to suggest that Shaw had the technical means or abilities to create a fake recording. Finally, both appellant's and Shaw's voices were identified as being the voices on the tape. These facts would seem to eliminate all outstanding hypotheses other than the tape's accuracy and authenticity. *Carlsen,* 654 S.W.2d at 450. Admission of the tape was not error, and the holding of the Court of Appeals was correct.

We hold that circumstantial evidence, rather than the testimony of a contemporaneous witness, *may* [emphasis added] be used to satisfy the predicate for admission of sound recordings, and on the facts of this case, the circumstantial evidence

presented was sufficient to support admission of the recordings. Appellant's first and second grounds for review are overruled.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., dissents.