Larry Gene COWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 637–90.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 21, 1992.

Clifford W. Brown, Mike Brown, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of the offense of injury to a child[1] and sentenced to life imprisonment. During trial appellant offered into evidence a copy of a medical report. The trial court found the report inadmissible and the Court of Appeals affirmed the judgment of the trial court. *Cowan v. State*, 787 S.W.2d 200 (Tex.App.—

---

1. V.T.C.A. Penal Code § 22.04(a)(1).

Amarillo 1990). We granted appellant's petition for discretionary review on one ground for review to determine whether "the trial court erred in excluding [the proffered records]".

At trial appellant raised the defense of insanity. Appellant offered into evidence a certified photocopy of a United States Marine Corps Medical Board report (hereinafter, the "Report") containing findings as to appellant's mental condition at the time of his desertion from the Marine Corps, approximately sixty days before the alleged offense.[2] The State objected to admission of the Report as hearsay and also contended that appellant failed to lay a proper predicate for admission of the Report as a public document. Appellant argued that the Report was admissible under Rule 803(8)(C), the public records exception to the hearsay rule.[3] The trial court sustained the State's objections to admissibility.[4]

The Court of Appeals affirmed the decision of the trial court, holding that the trial court's ruling was justified on the ground that the Report was not properly predicat-

ed since appellant failed to show that it met the requirements of Rule 803(8)(C). Specifically, the Court of Appeals held that the Report did not satisfy the Rule's requirement that the factual findings contained therein "resulted from an investigation made pursuant to authority granted by law". We vacate the judgment of the Court of Appeals.[5]

The State contends that appellant failed to lay a proper predicate for admission of the subject document under Rule 803(8)(C) of the Texas Rules of Criminal Evidence and also that the Report is not the type of document intended to fall within that Rule. Appellant claims that the necessary evidentiary predicate was shown by circumstantial evidence on the face of the Report, citing *Edwards v. State*, 551 S.W.2d 731 (Tex.Cr.App.1977) and *Wallace v. State*, 782 S.W.2d 854 (Tex.Cr.App.1989).

█ Rule 803(8)(C) permits admission of the following public documents, as an exception to the hearsay rule,[6] even though the declarant may be available to testify:

2. The Report, dated December 16, 1985, included the following findings of the Medical Board regarding the offense of desertion:
   (a) [Appellant] *did* suffer from a mental disease or significant defect at the time of the alleged criminal conduct.
   (b) At the time of the alleged criminal conduct, [appellant] *did,* as the result of mental disease or defect, lack substantial capacity to appreciate the wrongfulness of his conduct.
   (c) At the time of the alleged criminal conduct, [appellant] *did* lack substantial capacity to conform his conduct to the requirements of law.
   (d) At the present time, [appellant] *does now* possess sufficient mental capacity to understand the nature of the proceedings against him and to cooperate intelligently in his defense.
   (emphasis in original).

3. Appellant also argued that the Report was self-authenticated under Rule of Criminal Evidence 902(1), therefore eliminating any need to lay a predicate.

4. In addition to objecting on the basis of inadmissible hearsay and failure to lay a proper predicate, the State also objected on the grounds that admission of the Report would deny the State an opportunity to confront and cross examine its authors, that certain portions of the

Report were illegible and that there was nothing to establish that appellant and the person named in the Report were one and the same. The trial court sustained the State's objections without specifying the basis of its ruling. The only grounds carried forward and considered on this petition for discretionary review are hearsay and proper evidentiary predication as a public record.

5. Although both the hearsay and authentication arguments were briefed before it, the Court of Appeals' opinion did not address the authentication issue. We note that Rule of Appellate Procedure 90(a) provides that opinions of the courts of appeals must address "every issue raised and necessary to final disposition." Tex. R.App.P. 90(a). We do not fault the Court of Appeals in this case for its failure to address the issue of authentication since its determination that the subject document constituted inadmissible hearsay dispensed with the authentication issue. Thus, authentication became an issue that was "not necessary to final disposition" in the court of appeals.

6. We agree with the court of appeals that since the Report was offered to "prove the truth of the opinions contained therein as factual findings of insanity, [it was] hearsay." *Cowan,* 787 S.W.2d at 205.

**Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth ... (C) against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex.R.Crim.Evid. 803(8)(C). Although Rule 803(8)(C) does not require that a formal "predicate" be laid through a predicating witness [7], the offered document must still be shown to satisfy the requirements of the Rule. The question is whether those requirements can be established by circumstantial evidence on the face of the document.

██ In *Wallace v. State*, we held that direct and circumstantial evidence are to be treated in the same manner for purposes of establishing the proof required for admission of sound recordings. *Wallace*, 782 S.W.2d at 857. There, we stated plainly that "circumstantial evidence should be treated in the same manner as direct evidence." *Id.* at 857. In light of our recognition that circumstantial and direct evidence are of equal probative weight for purposes of determining admissibility of sound recordings, we see no reason to treat circumstantial and direct evidence any differently for purposes of establishing the requirements necessary to admit documents under Rule 803(8)(C).[8] Additionally, we hold that the requirements for admissibility under Rule 803(8)(C) may be met by circumstantial evidence from the face of the offered document. *See Wallace*, 782 S.W.2d at 858 (part of evidence establishing predicate for admission of tape recording under Federal Rule of Evidence 901(a) was taken from tape itself). We now turn to the facts of this case.[9]

██ Appellant points to the following circumstantial evidence in support of his assertion that the findings contained in the Report were "made pursuant to authority granted by law," as required by Rule 803(8)(C): (1) the Report is shown to be from the Medical Board, Naval Hospital, Portsmouth, Virginia to the Central Physical Evaluation Board, c/o of the Naval Hospital, Portsmouth, Virginia, (2) mem-

7. Once a document has been authenticated, no formal laying of a foundation is required for admission under Rule 803(8)(C). This is not the case with all of the hearsay exceptions listed in Rule of Criminal Evidence 803. For instance, the business records exception calls for the laying of a predicate as a condition precedent to admission by requiring that a custodian or other qualified witness testify that the documents, made at or near the time of the event by a person with knowledge, were kept in the course of a regularly conducted business activity and that it was the regular practice of that business activity to make the report. Tex.R.Crim.Evid. 803(6).

8. The State claims that *Wallace* is inapplicable to this case because there the court's holding pertained to establishing authentication under Rule of Criminal Evidence 901, not Rule 803. However, our holding in *Wallace* was not tied to any unique requirement of Rule 901, but was based upon the premise that direct and circumstantial evidence should be treated the same. We see no reason why the rationale set forth in *Wallace* should apply only to establishing authentication under Rule 901 but not to other rules pertaining to admissibility of evidence.

9. We note that this case is distinguishable from *Jones v. State*, No. 69,894, Slip op. (April 29, 1992). In *Jones*, the appellant offered into evidence a transcript of over 70 pages of grand jury testimony, as falling within the former testimony exception to the hearsay rule. Although most of the testimony itself was hearsay, the appellant did not point to specific admissible portions within the transcript that he wanted admitted. We held that when evidence challenged as hearsay contains both admissible and inadmissible portions, the party who offered the evidence cannot complain on appeal of its exclusion unless he pointed at trial to the specific portions which he sought to have admitted. This case does not fall within the confines of *Jones* because the document offered here does not contain both admissible and inadmissible portions. Here, the entire document offered is admissible as an exception to the hearsay rule. Although portions of the Report may be hearsay because those portions were not the statements of the medical board that prepared the report, those portions would nevertheless be admissible under the accepted rule that doctors may testify from medical reports prepared by another. *See, e.g., Denney v. State*, 558 S.W.2d 467, 470 (Tex. Cr.App.1977), *cert. denied*, 437 U.S. 911, 98 S.Ct. 3104, 57 L.Ed.2d 1142 (1978); *Mahaffey v. State*, 471 S.W.2d 801, 803–804 (Tex.Cr.App.1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1297, 31 L.Ed.2d 480 (1972); *Woodard v. State*, 696 S.W.2d 622, 627–28 (Tex.App.—Dallas 1985, no pet.).

bers of the Medical Board are identified by name and rank, (3) the Report affords certain due process formalities, (4) the Report identifies the "Convening Authority" as Captain Leeb, by direction, (5) the "Convening Authority Action" taken reflects that appellant was "retained as a patient pending PEB proceedings with ultimate transfer to VAH" and (6) the Board was acting in accordance with "Chapter 15, [Manual of the Judge Advocate General of the Navy and Marine Corps ("JAG Manual")], Paragraph 1504", as cited in the Report. The following features of the Report are also pertinent: (1) printed at the top of the Medical Report Cover Sheet is the statement that preparation instructions can be found in "MANMED Article 18–26", (2) the Statement of Patient Concerning the Findings of a Medical Board is a pre-printed form labeled "NAVMED 6100/2" and (3) the Medical Report Cover Sheet which was sent from the Medical Board to the Physical Evaluation Board reflects that the enclosures included a signed NAVMED 6100/2, a copy of appellant's health record and a clinical chart—all of which constitute the proffered document, together with the certification of the custodian.

■ Use of the pre-printed Medical Cover Sheet form suggests that the evaluation falls within normal procedures conducted by the Medical Board in cases of ill servicemembers. The source of the Report (the Medical Board of the Naval Hospital) and its destination (the Central Physical Evaluation Board) reflect the existence of established Boards with specified functions. The Medical Report Cover Sheet refers to a procedural manual setting forth guidelines for completion of the form. The identification of a "Convening Authority" suggests that a specified person was granted authority to take the required action and the "Convening Authority Action" identifies the action taken. Although the JAG Manual provision referenced in the report does not appear to provide authority for the findings made, it does reflect that some of the procedures relevant to the Report are governed by specific military law and raises an inference that other JAG Manual provisions apply. We hold that these and other features of the Report together provide sufficient evidence to raise a logical inference [10] that the Report and the findings therein were made pursuant to an authority granted by law,[11] as part of what appear to be internal procedures established to evaluate and deal with a mentally ill servicemember.

■ We reject the State's contention that the Report is not the type of "public" document intended to come within the purview of Rule 803(8)(C). *See Reed v. State,* 811 S.W.2d 582, 587 n. 14 (Tex.Cr.App. 1991) (we indicated that in connection with Rule 901(b)(7), applicable to public records and reports, "[a]n official record does not have to be available to the public" in order to be a "public record"). The State points to no authority in support of its contention, nor have we found any authority in support of this proposition.[12] We also reject the

---

**10.** Circumstantial evidence is "direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven." *Taylor v. State,* 684 S.W.2d 682, 684 (Tex.Cr.App. 1984) (citations omitted).

**11.** We note that Rule 803(8)(C) does not provide that the investigation be "required" by law, but that it be made "pursuant to authority granted by law". This language suggests that the investigation merely be one that is permitted or authorized by law, not required. *Jenkins v. Whittaker Corp.,* 785 F.2d 720, 726 n. 15 (9th Cir.1986), *cert. denied,* 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 296; *Walker v. Fairchild Industries, Inc.,* 554 F.Supp. 650, 652 (D.Nev.1982); *Fraley v. Rockwell International Corp.,* 470 F.Supp. 1264, 1267 (S.D.Ohio, W.D.1979). In contrast, section (B) of the Rule does suggest that the investiga-

tion is *required* by providing that the report be of matters observed "pursuant to a duty imposed by law" and that there was a "duty to report". *Fraley,* 470 F.Supp. at 1267. No "duty" must be shown to give rise to the investigation under section (C).

**12.** To the contrary, as noted by one commentator in discussing the scope of the counterpart Federal Rule, although English courts have imposed the additional requirement that the document be one open for public inspection, American courts have never imposed this limitation. Roy R. Ray, Texas Practice 1A, Law of Evidence, § 1271, at 452 (9th ed. 1980). The imposition of this limitation would exclude many official documents that are viewed as sufficiently trustworthy to warrant admission. *Id.*

State's assertion that the Report should not have been admitted because it was not sufficiently trustworthy, as required by the Rule.[13] The Report was clearly prepared by a medical division of the United States Marine Corps. The names of the Medical Board members and their signatures are legible. The Statement of Patient Concerning Findings of a Medical Board, which bears appellant's signature and that of a witness, states that appellant was informed of the opinions and recommendations of the Board and chose not to submit a rebuttal statement. This Statement also provides that the decision of the Board may be subject to review and final disposition by a higher authority. The findings pertain to appellant's mental condition at the time he deserted the Marines, approximately 2 months before commission of the offense. The State does not suggest that the Medical Board was in any way prejudicially influenced in making its findings. These factors together render the Report sufficiently trustworthy.

We vacate the judgment of the Court of Appeals and remand this case to the Court of Appeals to consider the authentication issue consistent with Chapter 9 of the Texas Rules of Criminal Evidence.

---

**13.** Federal courts have set forth factors for consideration in determining the trustworthiness of a report under Federal Rule of Evidence 803(8)(C), which is identical to Texas Rule of Criminal Evidence 803(8)(C). These factors include: the timeliness of the investigation, the special skill of experience of the investigator; whether a hearing was held and the level at which it was conducted; and any possible motivation problems in the preparation of the report. *Perrin v. Anderson,* 784 F.2d 1040, 1047 (10th Cir.1986).