**Affirm as Modified and Opinion Filed July 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00086-CR

### DONALD RAY MAYS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F12-55902-J**

## OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Donald Ray Mays appeals the trial court's judgment convicting him of theft, enhanced by two prior theft convictions. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2013). The jury found Mays guilty. Also, the jury found the two prior state jail felony punishment enhancements true, and assessed his punishment at six years of imprisonment. TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2013). Mays raises four issues on appeal, arguing: (1) the trial court erred when it admitted State's Exhibit No. 2, a business record, over his objection because the State failed to establish the proper predicate; (2) the trial court improperly commented on the weight of the evidence when it stated the value of the goods was not an issue in this case; (3) there is insufficient evidence in the record to support the trial court's order that he pay $239 in court costs; and (4) the judgment should be modified to correctly reflect that he pleaded not true to the punishment enhancements.

We conclude any error in the admission of State's Exhibit No. 2 was rendered harmless when substantially the same evidence was admitted elsewhere without objection. Also, we conclude Mays failed to preserve for appellate review his issue that the trial court improperly commented on the weight of the evidence when it stated the value of the goods was not an issue in this case. Further, Mays's complaint that there is insufficient evidence of the court costs is moot. However, we conclude the trial court's judgment should be modified to reflect that Mays pleaded not true to the first punishment enhancement paragraph. The trial court's judgment is affirmed as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jessica Chavez, who works for Wal-Mart loss prevention, observed Mays concealing merchandise in his pants pockets. After Mays passed all points of sale without attempting to pay for the items, Chavez and two officers apprehended him. One of the officers was Charles Steele, an off-duty sergeant for the City of Dallas's Marshal's Office. Chavez took the stolen merchandise to a supervisor who determined the total value of the items to be $123.15.

Mays was indicted for theft, enhanced to a state jail felony by two prior theft convictions. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D). The State also filed a special plea of enhancement paragraphs alleging two state jail felonies for the purpose of enhancing his offense to a third degree felony. TEX. PENAL CODE ANN. § 12.425(a). During the trial, the State introduced evidence of the value of the stolen goods through a business record and Mays objected. The trial court overruled the objection, stating "the value is not at issue with this particular case." The jury found Mays guilty, the two prior state jail felony punishment enhancements true, and assessed his punishment at six years of confinement.

## II. ADMISSIBILITY OF BUSINESS RECORDS

In issue one, Mays argues the trial court erred when it admitted State's Exhibit No. 2, a business record, over his objection because the State failed to establish the proper predicate. Specifically, he argues there was no showing that Chavez was the custodian of the record or that the person who actually made the record was not able to testify. The State responds that any error in the admission of the business record was cured when Steele testified to the same evidence.

### A. Standard of Review

An appellate court reviews the trial court's admission of evidence for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *De La Paz*, 279 S.W.3d at 343–44. Erroneously admitted evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). In other words, error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *see also Estrada v. State*, 313 S.W.3d 274, 302 n. 29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection).

### B. Applicable Law

The hearsay doctrine, codified in Texas Rules of Evidence 801 and 802, is designed to exclude out-of-court statements offered for the truth of the matter asserted that pose any of the four "hearsay dangers" of faulty perception, faulty memory, accidental miscommunication, or insincerity. *Fischer v, State*, 252 S.W.3d 375, 378 (Tex. Crim. App. 2008). However, Texas

Rule of Evidence 803(6) provides that "records of regularly conducted activity" or business records are not excluded by the hearsay rule. TEX. R. EVID. 803(6); *Halprin v. State*, 170 S.W.3d 111, 114 n.3 (Tex. Crim. App. 2005); *Garcia v. State*, 126 S.W.3d 921, 926 (Tex. Crim. App. 2004). Rule 803(6) defines "records of regularly conducted business" as:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information, transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

TEX. R. EVID. 803(6); *Halprin*, 170 S.W.3d at 114 n.3; *Garcia*, 126 S.W.3d at 926. The business records exception calls for the laying of a predicate as a condition precedent to admission by requiring that a custodian or other qualified witness testify that the documents, made at or near the time of the event by a person with knowledge, were kept in the course of a regularly conducted business activity and that it was the regular practice of that business activity to make the report. TEX. R. EVID. 803(6); s*ee Cowan v. State*, 840 S.W.2d 435, 437 n.7 (Tex. Crim. App. 1992).

### C. Application of the Law to the Facts

State's Exhibit No. 2 was a receipt created by Wal-Mart to calculate the value of the stolen goods and the State sought to have it admitted as a business record. The receipt shows the value of the stolen goods was $123.15. Mays objected to the admission of this exhibit on the basis that the State had not established a proper predicate because there was no showing that Chavez was the custodian of the record and there was no showing that the person who made the record was not able to testify. The trial court overruled Mays's objection. However, the record shows that Steele subsequently testified, without objection, that the value of the stolen property

–4–

was $123.15.  Accordingly, we conclude any error in the admission of State's Exhibit No. 2 was rendered harmless when substantially the same evidence was admitted elsewhere without objection.  *See Coble*, 330 S.W.3d at 282; *Mayes*, 816 S.W.2d at 88.

Issue one is decided against Mays.

### III.  VALUE OF THE GOODS

In issue two, Mays argues the trial court improperly commented on the weight of the evidence when it stated the value of the goods was not an issue in this case.  The State responds that the trial court's comment was not error, and even if it was, there was no harm.

The record shows that Mays objected to the admission of State's Exhibit No. 2, a business record, and the trial court overruled the objection as follows:

| | |
|---|---|
| Defense Counsel: | Judge, we would object.  Number one, there's not a proper predicate.  There's no showing that this lady is the custodian of this matter, nor is there any showing that that person who actually rang this up would not be able to come in here and tell this jury what the situation is. |
| | Based upon both of those, we would object to this being allowed into evidence at this time. |
| Trial Court: | Your objection is overruled since the value is not at issue with this particular case. |
| Prosecutor: | Thank you, Judge.  Publish to the jury? |
| Trial Court: | Yes. |

Mays did not object to the trial court's comment.

Ordinarily, a complaint regarding an improper judicial comment must be preserved for appellate review.  *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *Jasper v. State*, 61 S.W.3d 413, 420–21 (Tex. Crim. App. 2001); *see also* TEX. R. APP. P. 33.1(a).  However, an exception to the general rule exists in cases where the trial court's comments and conduct amount to fundamental error.  *See Unkart*, 400 S.W.3d at 99; *Blue v. State*, 41 S.W.3d 129, 131

–5–

(Tex. Crim. App. 2000) (plurality op.). Nevertheless, when an instruction to disregard could cure any residual harm from a judicial comment, a defendant forfeits his complaint for review by failing to object and request an instruction. *Unkart*, 400 S.W.3d at 99.

Mays does not argue or characterize the trial court's comment in this case as fundamental error alleviating his need to object and preserve the alleged error for appellate review. Mays was indicted for theft, enhanced by two prior theft convictions. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D). "A person commits [theft] if he unlawfully appropriates property with the intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). Theft is "a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D). The evidence in the record shows the stolen property was valued at $123.15. Based on our review of the record, we conclude that the complained-of comment by the trial court does not rise to the level of fundamental error. Accordingly, we conclude Mays failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Unkart*, 400 S.W.3d at 99.

Issue two is decided against Mays.

### IV. COURT COSTS

In issue three, Mays argues there is insufficient evidence in the record to support the trial court's order that he pay $239 in court costs. Mays argues that because there is no written bill of costs, the judgment should be modified to delete the costs. The State responds that the supplemental clerk's record contains a bill of costs supporting the assessment of costs, so Mays's issue is without merit.

The trial court's judgment assessed court costs of $239 against Mays. A supplemental clerk's record containing a certified bill of costs associated with this case, showing costs in the amount of $264, was filed in this appeal. Because the record now contains a bill of costs

supporting the assessment of costs in the trial court's judgment, Mays's fourth issue on appeal, complaining the evidence of costs is insufficient, is moot. *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.).

## V.  MODIFICATION OF JUDGMENT

In issue four, Mays argues the judgment should be modified to correctly reflect that he pleaded not true to both of the punishment enhancements.  The State agrees with Mays that the judgment should be modified to correctly reflect that he pleaded not true to the first punishment enhancement paragraph.

The trial court's judgment states that Mays pleaded true to the first punishment enhancement paragraph and not true to the second punishment enhancement paragraph. However, the record shows that Mays pleaded not true to both punishment enhancement paragraphs.  An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we conclude the trial court's judgment should be modified to reflect that Mays pleaded not true to the first punishment enhancement paragraph.

Issue four is decided in favor of Mays.

## VI.  CONCLUSION

Any error in the admission of State's Exhibit No. 2 was rendered harmless when substantially the same evidence was admitted elsewhere without objection.  Also, Mays failed to preserve for appellate review his issue that the trial court improperly commented on the weight of the evidence when it stated the value of the goods was not an issue in this case.  Further, Mays's complaint that there is insufficient evidence of court costs is moot.  However, the trial

court's judgment should be modified to reflect that Mays pleaded not true to the first punishment enhancement paragraph.

The trial court's judgment is modified to reflect that Mays pleaded not true to the first punishment enhancement paragraph. The trial court's judgment is affirmed as modified.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130086F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONALD RAY MAYS, Appellant

No. 05-13-00086-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F12-55902-J.
Opinion delivered by Justice Lang. Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> to show that appellant Donald Ray Mays pleaded not true to the first punishment enhancement paragraph

As **MODIFIED**, the trial court's judgment is **AFFIRMED**.

Judgment entered this 8th day of July, 2014.