

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0222-22

**JEREMIAH NAVARRO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### COMAL COUNTY

WALKER, J., filed a dissenting opinion in which NEWELL and McCLURE, JJ., joined.

### DISSENTING OPINION

We granted review in this case to determine whether Appellant Jeremiah Navarro was entitled to a necessity instruction even though he may have "provoked the difficulty." *See Navarro v. State*, 649 S.W.3d 603, 618 (Tex. App.—Houston [1st Dist.] 2022). Rather than focus on that question, the Court goes out of its way to overrule *Bowen v. State*, 162 S.W.3d 226 (Tex. Crim. App. 2005). Neither party asked us to revisit *Bowen*, and *Bowen* played no role in the court of appeals's decision below. I would answer the questions we granted review on and leave any discussion of

*Bowen* for another day. Because the Court does otherwise, I respectfully dissent.

Even if *Bowen* should be overruled, that question is not properly before the Court, because *Bowen* was not a factor in the court of appeals's decision. *See Arline v. State*, 721 S.W.2d 348, 353 n.9 (Tex. Crim. App. 1986) ("our review is limited to those points of error decided by the courts of appeals, included in petitions for discretionary review and granted as grounds for review"); *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989) ("This Court will not consider a ground for review that does not implicate a determination by the court of appeals of a point of error presented to that court in an orderly and timely fashion."); *Garcia v. State*, 15 S.W.3d 533, 536 n.5 (Tex. Crim. App. 2000) (dismissing dissenting opinion's argument that the Court reach out and overrule *Wicker v. State*, 740 S.W.2d 779 (Tex. Crim. App. 1987), and explaining "[t]his court's jurisdiction is limited to review of decisions by the courts of appeals.").

The court of appeals cited *Bowen*, just once, for the proposition of law that, "Under Section 9.22's plain language, the defense of necessity may apply to any offense unless the Legislature has specifically excluded the defense." *Navarro*, 649 S.W.3d at 613 (citing *Bowen*, 162 S.W.3d at 229). There is no suggestion that this statement from *Bowen* is wrong, nor could there be—the court of appeals's sole reference to *Bowen* comes from the statute itself. *See* TEX. PENAL CODE Ann. § 9.22(c) ("a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.").

Certainly, the court of appeals did not rely on *Bowen* to hold that Appellant was entitled to a necessity instruction. Quite the opposite, in fact—the court of appeals concluded that Appellant was not entitled to an instruction. *Navarro*, 649 S.W.3d at 618. That decision, in turn, also did not rely on *Bowen*. Instead, it turned on the question of whether Appellant provoked the difficulty. *Id.*

Rather than being based on the court of appeals's decision, this push to overrule *Bowen* comes from an *amicus curiae* brief from the State Prosecuting Attorney (SPA).[1] Until now, the general rule has roundly been that an *amicus curiae* cannot add issues that are not raised by the parties themselves. As our sister court, the Supreme Court of Texas, explained, "Whether or not these theories [presented by *amicus curiae*] have merit, they are not before us." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000); *see, e.g.*, *Saldana v. State*, 783 S.W.2d 22, 23 n.1 (Tex. App.—Austin 1990, no pet.) ("As this contention [by *amicus curiae* the Texas Criminal Defense Lawyers Association] was not advanced by appellant at trial, we will not address it here."); *Int'l Bhd. of Teamsters, Loc. No. 393 v. Missouri Pac. Freight Transp. Co.*, 220 S.W.2d 219, 253 (Tex. App.—Beaumont 1949, writ ref'd n.r.e.) (declining to discuss a matter raised by *amicus curiae* which was not an issue between the parties).

The same rule applies in federal litigation. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 721 (2014) ("We do not generally entertain arguments that were not raised below and are not advanced in this Court by any party[.]"); *see, e.g.*, *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 60 n.2 (1981) ("We decline to consider this argument [raised by *amicus curiae*] since it was not raised by either of the parties here or below."); *Bell v. Wolfish*, 441 U.S. 520, 532 n.13 (1979) ("Neither argument [by *amicus curiae*] was presented to or passed on by the lower courts; nor have they been urged by either party in this Court. Accordingly, we have no occasion to reach them in this case."); *Knetsch v. United States*, 364 U.S. 361, 370 (1960) (This argument [by *amicus curiae*] has

---

[1] The SPA's suggestion that we overrule *Bowen* is actually its backup, alternative argument. The SPA's primary argument in support of the State and in support of affirming the court of appeals's opinion is that committing the offense cannot be "necessary," as required by the first prong of the necessity statute, *see* TEX. PENAL CODE Ann. § 9.22(a), if the defendant put himself in the position in which he claims he had to commit the offense.

never been advanced by petitioners in this case. Accordingly, we have no reason to pass upon it."); *see also Christopher M. v. Corpus Christi Ind. Sch. Dist.*, 933 F.2d 1285, (5th Cir. 1991) ("As amicus curiae, Advocacy[, Inc.] cannot raise an issue raised by neither of the parties absent exceptional circumstances."); *Resident Council of Allen Parkway Vill. v. United States Dept. of Hous. & Urb. Dev.*, 980 F.2d 1043, 1049 (5th Cir. 1993) ("an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal."); *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 n.2 (5th Cir. 2003) ("It is well-settled in this circuit that 'an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal.'" (quoting *Resident Council*, 980 F.2d at 1049)).

If the majority truly wants to address a different issue than what was raised in the petition for discretionary review,[2] the Court could grant the issue on its own motion and request briefing from the parties. *See* TEX. CODE CRIM. PROC. Ann. art. 44.45(a) ("The Court of Criminal Appeals may

---

[2] Otherwise, the scope of our review is generally limited to the petition that we granted. *See Wallace v. State*, 782 S.W.2d 854, 856 (Tex. Crim. App. 1989) ("Because appellant did not urge this argument in his petition for discretionary review, we will not address it."); *Melendez v. State*, 936 S.W.2d 287, 288 n.1 (Tex. Crim. App. 1996) ("We decline to address a ground for review that has not been previously raised and presented for consideration in the PDR."); *see also, e.g.*, *McCambridge v. State*, 712 S.W.2d 499, 500 n.2 (Tex. Crim. App. 1986) (declining to consider argument raised in appellant's brief, that Texas statutes codifying *Miranda v. Arizona* warning requirements provided greater protection, when grant of review was strictly limited to the application of *Miranda* and *Edwards v. Arizona*); *Atkins v. State*, 951 S.W.2d 787, 787 n.1 (Tex. Crim. App. 1997) (where appellant's brief filed after the petition was granted reworded his ground for review, addressing the issue as it was presented in the petition for which review was granted, rather than the reworded ground in the brief); *Sklar v. State*, 764 S.W.2d 778, 782 (Tex. Crim. App. 1987) (op. on mot. for reh'g) (where State sought rehearing for Court to consider applicability of art. 14.01 and 14.03, explaining that we did not "engage in such a review because the issue on which the appellant's petition for discretionary review was granted was expressly limited to the court of appeals' analysis of the facts and the applicability of Article 14.04."); *Manning v. State*, 114 S.W.3d 922, 925–26 (Tex. Crim. App. 2003) (where concurring opinion would have reversed because it concluded that challenged evidence was irrelevant, Court majority declined to address relevance where the petition only sought review of court of appeals's Rule 403 and harm analysis).

review decisions of the court of appeals on its own motion."); *see also, e.g.*, *Safety Nat. Cas. Corp. v. State*, 273 S.W.3d 157, 160 (Tex. Crim. App. 2008) (after granting review on issue of constitutionality of art. 22.16(a), granting on Court's own motion question of constitutionality of art. 22.13(a)(5)); *State v. Morgan*, 160 S.W.3d 1 (Tex. Crim. App. 2003) (granting State's petition, and granting on Court's own motion additional issue of whether State's appeal was even authorized by law); *Mendenhall v. State*, 77 S.W.3d 815, 817 (Tex. Crim. App. 2002) (granting review of Appellant's issue regarding court of appeals's harm analysis of failure to give requested insanity defense jury instruction, and later granting on Court's "own initiative" issue of whether failure to give said instruction was error).

*Sua sponte* consideration of whether or not to overrule *Bowen*, without granting review on the Court's own motion, deprives the parties of the opportunity to fully brief the issue. *See Nguyen v. State*, 292 S.W.3d 671, 675–76 (Tex. Crim. App. 2009) ("The State did not petition on that basis, and without granting review of the . . . issue on our own motion, which would have given the parties an opportunity to fully brief the issue, we should not reexamine the issue *sua sponte*.").

And the Court's decision to entertain the *amicus curiae* brief's alternative argument, without granting review on its own motion of that issue and giving the parties a chance to brief it, also undermines the credibility of the Court. *See Weatherred v. State*, 15 S.W.3d 540, 544 (Tex. Crim. App. 2000) (Johnson, J., dissenting, joined by Meyers, Price, and Womack, JJ.) ("a majority of this court decides to reverse the Court of Appeals on an issue that was not granted and is not before this court. . . . If the court desires to address the issue on which the majority bases its opinion, it should grant the issue on its own motion and order briefing. To do otherwise undermines the credibility of this court.").

Because the Court neither waits for a case that raises the validity of *Bowen* nor grants the

*Bowen* issue on its own motion, I respectfully dissent.


Filed: November 6, 2025
Publish