**KLEIN INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Paul NOACK, Appellee.**

**No. C14–90–01119–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1992.
Rehearing Denied June 11, 1992.

Rhonda S. Ross, David M. Feldman, Houston, for appellant.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is a wrongful discharge case. Klein Independent School District (KISD) appeals from a judgment finding it liable for violating Tex.Rev.Civ.Stat.Ann. art. 8307c and awarding Paul Noack actual damages of $287,796.68. KISD brings three points of error challenging the sufficiency of the evidence supporting the findings of liability and damages, and claiming errors in the admission of certain evidence. In an independent appeal, Noack brings eight points of error challenging the trial court's decision to modify the judgment and set aside the award of exemplary damages. We reverse and remand.

In point of error two, KISD contends critical trial errors undermined the trial and verdict. Specifically, KISD claims the trial court improperly allowed Noack to introduce evidence regarding his claim for unemployment compensation, KISD's response to that claim, and the Texas Employment Commission's Findings of Fact and Conclusions. KISD also contends Noack's counsel made improper closing argument emphasizing the improper evidence. Noack responds that KISD did not object to the evidence or closing argument on the grounds asserted on appeal.

■ Tex.R.Civ.Evid. 803(8) excludes from the hearsay rule records from public offices or agencies, including "factual findings resulting from an investigation made pursuant to authority granted by law." Tex.R.Civ.Evid. 803(8). To be admissible, such records must be properly authenticated. Tex.R.Civ.Evid. 901(a), 902(4). *See also Horvath v. Baylor Univ. Medical Center,* 704 S.W.2d 866, 870 (Tex.App.— Dallas 1985, no writ). Such records may be authenticated by evidence that the purported public record is from the public office where items of this nature are kept. Tex.R.Civ.Evid. 901(b)(7). Extrinsic evidence of authenticity is not required if the documents are certified as correct by the custodian or other person authorized to make the certification, by certificate bearing a seal of the public entity or the signature of an officer of the entity. Tex.R.Civ.Evid. 902(1)–(2), (4). To preserve an objection to the admission of evidence for appellate review, a party must specifically object to the evidence at the time it is offered. *Zamora v. Romero,* 581 S.W.2d 742, 747 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ During opening argument, KISD objected to Noack's counsel mentioning the challenge of Noack's claim for unemployment compensation on the ground that this was not part of the lawsuit and had no bearing on any issues to be determined. The court instructed the jury that argument was not evidence and then overruled the objection. During Noack's direct testimony, KISD objected to a question about the hearing examiner's decision on the grounds that it was immaterial and called for hearsay evidence. The trial court sus-

tained that objection. KISD again objected when Noack offered the decision of the Texas Employment Commission. The document offered was an uncertified copy of the Texas Employment Commission decision sent to Noack's home. KISD objected to admission of this document on the ground that it was hearsay. The trial court said, "It's a governmental document," and overruled the objection.

The document in question was not properly authenticated. In offering the document, Noack's counsel did not offer extrinsic evidence of authenticity and the document was not properly certified, which would make it self-authenticating. See TEX.R.CIV.EVID. 901(a), 902(4). Because the public record was not properly authenticated, the trial court erred in overruling KISD's objection.

Because it was error for the trial court to admit the Texas Employment Commission decision, we must determine whether such error requires reversal. If the erroneously admitted evidence is merely cumulative or does not concern a material issue dispositive of the case, the error is harmless. Boothe v. Hausler, 766 S.W.2d 788, 789 (Tex.1989). To obtain reversal of a judgment based on error in the admission of evidence, an appellant must show that the trial court's error was "calculated to cause and probably did cause rendition of an improper judgment." TEX.R.APP.P. 81(b)(1).

After Klein terminated Noack in July 1985, Noack applied for unemployment compensation. Noack testified that he did not receive this compensation right away because Klein contested his claim. The Texas Employment Commission held hearings in February and March 1986. The erroneously admitted document containing the Commission's findings contained the following conclusions:

Under the evidence, the employer terminated the claimant prior to the time that he was released by the doctor with respect to his injury. The claimant had been injured on the job in February, 1985 and was unable to work until his release by the doctor on July 22, 1985 which was ten days after the date that the employer terminated his services. Although the employer's contention is that the claimant did not keep them informed about his injury, the claimant's testimony was that he talked to the employer until April of 1985 and had received a letter from the chief of police to the effect that both the chief of police and the claimant would keep in touch with each other about the injury. *The claimant's testimony that he kept trying to contact the chief of police by telephone without success although he left messages for the chief to return his calls bear out that the claimant made a reasonable effort to keep the employer apprised of his injury of April, 1985. I conclude that the claimant was terminated by the employer without any misconduct on the claimant's part connected with the job* (emphasis added).

In closing argument, Noack's counsel presented reasons why the jury should affirmatively answer special issue number one regarding whether Klein discharged Noack or discriminated against him because he had filed a worker's compensation claim. Noack's counsel advised the jury that Noack had an unblemished performance record and that he maintained contact with Klein. While discussing Noack's damages, counsel stated that the Texas Employment Commission's decision regarding unemployment benefits contained "virtually the same facts in this case as you're called upon to decide."

In the hearings regarding unemployment benefits, the Commission was determining whether there was any merit to Klein's contention that Noack was discharged for misconduct connected with his work. Such misconduct is a ground for disqualification for benefits. See TEX.REV.CIV.STAT.ANN. art. 5221b–3(b) (Vernon Supp.1992). In this case, the issue was whether Klein wrongfully discharged Noack because he filed a claim or instituted proceedings under the Texas Workmen's Compensation Act. See TEX.REV.CIV.STAT.ANN. art. 8307c(1) (Vernon Supp.1992). A finding by another tribunal of no misconduct by Noack is not compe-

tent evidence supporting a finding that Klein wrongfully discharged Noack under TEX.REV.CIV.STAT.ANN. art. 8307c. Thus, even if the Commission's Findings of Fact and Conclusions of Law had been properly authenticated and admissible, the opinion was not competent evidence in this case.

Klein's defense to the charge of wrongful discharge in the present case was that Noack failed to comply with Klein's policy requiring an employee to maintain contact with the District. The exhibit containing the Commission's conclusion that Noack kept Klein apprised of his status is, in our opinion, highly prejudicial evidence because it was a fact finding by a state agency negating Klein's defense to the claim in this case. Thus, the evidence concerned a material issue dispositive of the case. *See Boothe,* 766 S.W.2d at 789. We agree with appellant that the admission of this evidence was harmful and constituted reversible error. Therefore, we sustain point of error two. Having sustained this point, we need not address Klein's other points of error or Noack's points of error.

We reverse the judgment and remand the cause for a new trial on the merits.