No. 04-98-00224-CR



Ramon MORENO,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 94-CR-5422


Honorable Susan D. Reed, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: November 25, 1998


AFFIRMED


 Ramon Moreno pled guilty to possession of cocaine and, pursuant to a plea bargain,
was sentenced to two years confinement, probated for two years. The trial court later revoked
Moreno's probation. On appeal, Moreno contends the trial court erred in admitting an exhibit
at the revocation hearing. He also asserts the evidence is insufficient to support the
revocation. Finding no reversible error and holding the evidence to be sufficient, we affirm.

Background


 As a condition of probation, Moreno was required to participate in a substance abuse
treatment program. Because Moreno was "behaviorally discharged" from the program, the
State moved to revoke his probation. At the revocation hearing, the State asked the court to
take judicial notice of an exhibit taken from the court's file. The exhibit included a letter
from the Department of Criminal Justice and the treatment program's discharge report.
Moreno objected to the admission of the exhibit on the basis of hearsay and improper
authentication. The Court did not make a specific ruling on either the State's request or the
defendant's objections.

 The State also asked the court to take judicial notice that being discharged from the
treatment program constitutes a violation of the conditions of probation. The court said, "It
does." After hearing Moreno's testimony, the court revoked his probation.

The State's Exhibit


1. Judicial Notice

 In his first point of error, Moreno contends the trial court abused its discretion in
taking judicial notice of the discharge letter and report. In rebuttal, the State maintains the
court can judicially notice anything in its files. We agree with Moreno.

 A court may take judicial notice of facts "capable of accurate and ready determination
by resort to sources whose accuracy cannot reasonably be questioned." Tex. R. Evid.
201(b)(2). In general, documents in a court's file satisfy this requirement. See, e.g.,Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (probation order); Turner v. State, 733
S.W.2d 218, 221-22 (Tex. Crim. App. 1987) (judgment); Bob Smith Bail Bonds v. State, 963
S.W.2d 555, 555-56 (Tex. App.--Fort Worth 1998, no pet) (judgment nisi). However, some
documents contained in a court's file may not be readily verifiable. See, e.g., Hogan v. State,
954 S.W.2d 875, 877 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd) (discovery
answers). Such is the case with Moreno's discharge letter and report. Therefore, the trial
court abused its discretion in taking judicial notice of the State's exhibit. Accordingly, we
sustain Moreno's first point of error. Before granting Moreno relief, however, we must
determine whether the exhibit was otherwise admissible. See Calloway v. State, 743 S.W.2d
645, 651-52 (Tex. Crim. App. 1998) (noting that correct ruling for wrong reason does not
warrant reversal).

2. Authentication and Hearsay

 In his second point of error, Moreno argues the trial court abused its discretion in
admitting the discharge letter and report as a public record. Specifically, Moreno claims the
exhibit was improperly-authenticated hearsay. We disagree.

 A public record may be authenticated by extrinsic evidence if the writing is from a
public office, is authorized by law to be recorded or filed, and is in fact recorded or filed in
a public place. Tex. R. Evid. 901(b)(7); Klein I.S.D. v. Noack, 830 S.W.2d 796, 797 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). The document itself may satisfy these
requirements. See, e.g., Reed v. State, 811 S.W.2d 582, 587 (Tex. Crim. App. 1991).

 In this case, the discharge letter is written on Texas Department of Criminal Justice
stationery containing the seal of Texas. It was addressed to the trial judge and filed in the
judge's court. It references the provision of the Government Code that requires the
department to notify the court of any treatment discharge.(1) The letter contains the discharge
report from the treatment program, which in turn is addressed to the trial judge and refers to
Moreno and his case number. Thus, the State's exhibit came from a public office, was
authorized by statute, and was filed in the authorized place. The exhibit, therefore, was
properly authenticated.

 The evidence relevant to the exhibit's authentication is also relevant to whether it is
excepted from the hearsay rule as a public record. See Cowan v. State, 840 S.W.2d 435, 437
n.7 (Tex. Crim. App. 1992). In other words, a public record is subject to the hearsay rule if
it relates to matters "observed by police officers and other law enforcement personnel." Tex.
R. Evid. 803(8)(B). Matters observed "pursuant to a duty imposed by law" by those who are
not law enforcement are admissible as exceptions to the hearsay rule. Id.

 In this case, the employees of the treatment facility were required to observe and
report Moreno's behavior. Tex. Gov't Code Ann. § 493.009(F) (Vernon Supp. 1998).
Although these employees were required to report to the Department of Criminal Justice,
they were not police officers or other law enforcement personnel. Cf. Garcia v. State, 868
S.W.2d 337, 342 (Tex. Crim. App. 1993) (holding medical examiner is generally not law
enforcement); Johnston v. State, 959 S.W.2d 230, 240 (Tex. App.--Dallas 1997, no pet.)
(holding jail nurse is not law enforcement); Perry v. State, 957 S.W.2d 894, 898-99 (Tex.
App.--Texarkana 1997, pet. ref'd) (holding child support officer is not law enforcement).
Furthermore, the transmission of the discharge report to the trial court through the
Department of Justice does not change the character of the report. See Pondexter v. State, 942
S.W.2d 577, 585 (Tex. Crim. App. 1996) (reasoning ministerial functions of law enforcement
are not "matters observed" for purposes of Rule 803). Thus, the State's exhibit was
admissible as an exception to the hearsay rule.

 Because the State's exhibit was properly authenticated and was not impermissible
hearsay, the trial court did not err in admitting it. Thus, we overrule Moreno's second point
of error and deny the relief requested by his first point of error.

Sufficiency of the Evidence


 In his third point of error, Moreno contends the evidence is insufficient to support his
revocation once the State's exhibit is excluded. In rebuttal, the State argues the evidence is
sufficient. We agree with the State.

 When reviewing legal sufficiency of the evidence, we examine the entire body of
evidence in the light most favorable to the judgment and ask whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979). When reviewing factual sufficiency of the evidence, we
examine all the evidence, without deference to the prosecution, and set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Here, the State's exhibit establishes, both legally and factually, that Moreno violated
a condition of probation by failing to complete a treatment program. As we previously held,
the exhibit was properly admitted. Thus, we overrule Moreno's third point of error.

Conclusion


 Although we sustain Moreno's first point of error, we hold the trial court did not err
in admitting the discharge letter and report. Having overruled Moreno's remaining points of
error, we affirm the trial court's judgment.


 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH

1. The code specifically states:

 (2) If the qualified professional with primary responsibility for treating a defendant
and the individual in charge of security in the facility in which the defendant is
housed jointly determine that the defendant is not complying with the rules or is
medically or psychologically unsuitable for the program, they shall notify the
department of that fact.

 (3) The department immediately on receiving notice, shall request the sentencing
court to reassume custody of the defendant if the defendant was required to
participate in the program under Section 14, Article 42.12, Code of Criminal
Procedure, or required to participate in the program following modification of
community supervision. The court shall reassume custody before the 12th day after
the date on which the department notifies the court.

Tex. Gov't Code Ann. § 493.009(F) (Vernon Supp. 1998).


Return to
4th Court of Appeals Opinions