William J. KRAFT, Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellee.

No. 08–87–00015–CV.

Court of Appeals of Texas, El Paso.

Oct. 21, 1987.

Rehearing Denied Nov. 18, 1987.

Robert A. Skipworth, Ainsa, Skipworth, Zavaleta & Butterworth, El Paso, for appellant.

Jack Brewster, Brewster and Mayhall, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is a worker's compensation case. Appellant suffered injury while driving for his employer when involved in an accident with a third-party driver. Following a jury verdict in favor of Appellee carrier, a take-nothing judgment as to the Appellant worker was entered. The judgment further ordered Appellant to reimburse Appellee for certain past medical expense recovered by Appellant from the third-party driver. The judgment is silent as to future medicals. We affirm.

Appellant pled a March 8, 1983, on-the-job auto accident with a third party, not a party to this suit. The carrier denied any incapacity resulting from the injury and pled a subsequent injury of April 4, 1986. In response to the total and partial incapacity questions, the jury answered "no" in each instance. Under the contingent submission of the charge, the jury was not required to answer the reduction in average weekly earning capacity question.

■ It is this deduction in average weekly earning capacity that is addressed by the first point. Appellant urges error in the exclusion of certain evidence regarding loss of leather craft hobby earnings. The jury's "no" answers to the incapacity questions manifest claimant's failure to discharge his burden of proof. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). Having so failed, it necessarily follows that Appellant cannot now successfully complain of evidence excluded bearing on a question the jury was not required to reach. Were the exclusion error, it was not reversible. Rule 81(b), Tex.R.App.P. Point of Error No. One is overruled.

■ Postponing discussion of the second point, we consider Appellant's third point of error which recites that the trial court erred in excluding certain documentary medical evidence relating to disability, Plaintiff's Exhibits Nos. Two and Three. Although the affidavits and attached documents referred to may be the same as appear in the transcript, they have not been brought forth as exhibits and are not before us for review. The error, if any, has been waived.

■ Finally, Appellant prays that if we choose not to reverse and remand, that we reform as to the future medicals and affirm. Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a, provided in 1983 in pertinent part [presently sec. 6a(c) of art. 8307]:

> If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

The judgment neither denies nor declares Appellant's rights to future medicals under the cited provision. Nor is there evidence in the record upon which to predicate a

definitive disposition of the question. Nevertheless, the statute appears to speak for itself, and we need not and may not indulge in advisory opinions.

Furthermore, error has not been preserved. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling desired if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling thereon. Rule 52, Tex.R.App.P. For all the foregoing reasons, we decline to reform, and we overrule Point of Error No. Two.

The judgment is affirmed.