**STATE of Texas–County of Harris and Cypress–Fairbanks Independent School District, Appellants**

v.

**Margaret M. FOLTIN, et al, Appellees.**

**No. 14–95–00278–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 5, 1996.

Rehearing Overruled Oct. 3, 1996.

Monica M. McCoy, Valerie B. Ueckert, Corinna Steele, Cormac P. Creaven, Houston, for appellants.

Susan J. Taylor, Ben A. Baring, Jr., Stephen C. Reid, III, John E. Swain, Houston, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## MAJORITY OPINION ON REHEARING

EDELMAN, Justice.

Appellants' motions for rehearing are granted, the majority and dissenting opinions issued in this case on June 13, 1996 are withdrawn and the following opinions are issued in their place.

In this tax deficiency suit, Harris County (the "County") and Cypress–Fairbanks Independent School District (the "District") appeal from a take-nothing judgment entered in favor of the appellee property owners [1] on the grounds that the trial court erred in excluding certified tax records from evidence as hearsay. We affirm in part and reverse in part.

The County brought this suit to collect unpaid property taxes and the District intervened. During the trial to the District Court,[2] the County offered as its first exhibit "certified delinquent tax statements" for the five accounts in issue. The property owners objected to this exhibit based on hearsay and

---

1. The property owners included Margaret Foltin Hardcastle, Charles Foltin, Charles Frederick Klores, Victor Trutt Klores, Joe Dyer Klores, and Ruth Ethel Klores. The claims against another property owner, Joe Klores, were dismissed by the trial court for want of prosecution. The taxing entities do not challenge this dismissal on appeal.

2. The case was first tried to a Tax Master who ruled that the County and District should take nothing. Both the taxing entities and the property owners appealed this decision to the District Court which reviewed the Tax Master's decision in a trial de novo. It is the decision of the District Court that is the subject of this appeal.

authentication.[3] The trial court overruled the authentication objection, but sustained the hearsay objection because there was no testimony of the facts needed to establish the exception.[4] The County's attorney then made an informal bill of exception in which she read into the record from the exhibits the amounts of taxes, penalty and interest due on all five tracts, and then stated the amount of reasonable attorney's fees through the date of trial. However, in making this bill, the County did not tender the excluded exhibit for inclusion in the record. Upon concluding its bill of exception, the County rested.

The District then presented its case and sought to introduce into evidence a "certified delinquent tax record" as its exhibit 1. The property owners again objected based on hearsay and authentication and the trial court again overruled the authentication objection. However, in response to the hearsay objection, the District's attorney stated:

> Well, as the plaintiff indicated earlier, this is a certified delinquent tax record of the Tax Assessor for Cypress Fairbanks. He is certifying these are *business* records kept in the course of his business as the Tax Assessor–Collector for Cypress Fairbanks, Your Honor.

(emphasis added). The trial court sustained the hearsay objection because there was no affidavit to support this hearsay exception. The District then also made a bill of exception in which its attorney testified to the amount of delinquent taxes, penalty, and interest reflected in the exhibit for each of the five tracts of land. However, the District also failed to tender the exhibit for inclusion in the record. After concluding its bill of exception, the District rested. The property owners moved for and were granted a take-nothing judgment against the County and District.

In two points of error, the County and District argue that the trial court erred by sustaining the hearsay objections to exclude the exhibits. In three reply points, the property owners argue that the taxing entities have preserved no error because the exhibits were not made a part of the record, and that, in any event, the exhibits were properly excluded as hearsay.

■ The *public* records exception to the hearsay rule provides, among other things, "Records, reports, statements or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency . . . ." are not excluded by the hearsay rule. *See* TEX.R. CIV. EVID. 803(8). Once a document has been authenticated, Rule 803(8) does not require a formal predicate to be laid through a witness, but the offered document must be shown to satisfy the requirements of the rule. *Cowan v. State,* 840 S.W.2d 435, 437 n. 7 (Tex.Crim. App.1992).[5]

■ By contrast, the *business* records exception to the hearsay rule applies to records

3. In support of their objection, the defendants cited *Fullick v. City of Baytown,* 820 S.W.2d 943 (Tex.App.—Houston [1st Dist.] 1991, no writ). That decision held, among other things, that personal property statements were admissible as *business* records where accompanied by affidavits which complied with Texas Rule of Evidence 902(10). *Id.* at 945. Therefore, the property owners argued in the present case that the County's tax statements were not admissible without an affidavit to establish a hearsay exception.

4. The County responded that the exhibit was not hearsay or subject to a hearsay exception under Rule 803(8) because it was a certified copy of a public document. When the trial court would not accept that exception without a witness to testify to the underlying facts, the County called a witness to testify. However, the trial court sustained the defendants' objection to that witness' testimony because he was not identified in the County's interrogatory answers. The County's attorney then called herself as a witness, and began to testify regarding the alleged tax deficiencies. The court sustained the defendants' objection to this testimony for lack of personal knowledge apart from the information reflected in the documents, and again declined to admit exhibit 1 into evidence.

5. Independent of the public records exception, the Texas Tax Code provides, "In a suit to collect a delinquent tax, . . . certified copies of the [taxing unit's] entries showing the property and the amount of tax imposed constitute prima facie evidence . . . that the amount of tax alleged to be delinquent against the property is the correct amount." *See* TEX. TAX CODE ANN. § 33.47(a) (Vernon 1992). However, Section 33.47 was not asserted in this case at trial or on appeal in support of the admissibility of the tax statements.

kept in the course of a regularly conducted business where certain other conditions are met, all as shown by the testimony of a qualified witness or by an affidavit that complies with Rule 902(10). *See* TEX.R. CIV. EVID. 803(6), 902(10). Thus, the business records exception can apply to records of *any* regularly conducted business, not just those of public offices or agencies, but can only be established by live testimony or affidavit, and not by the face of the document itself.

█ In this case, even without having the excluded exhibits in the record, it is clear from what *is* in the record, as recited above, that the excluded exhibits were certified statements and records of the County and District setting forth their activities.[6] This fact establishes that the exhibits were the type of statements and records of public offices and agencies described in Texas Rule of Civil Evidence 803(8). Although other facts reflected on the face of the exhibits (or available from the affidavit or testimony of a witness) might be relevant to other evidentiary considerations or the merits of the underlying claims, no other facts or evidence are needed to determine that the public records exception was met.

█ Because the public records exception was specifically asserted at trial by the County, the trial court erred in excluding its tax records. Moreover, because those records were critical to material issues in this tax deficiency suit, their exclusion was calculated to cause and probably did cause rendition of an improper judgment as to the County. *See* TEX.R.APP. P. 81(b)(1). Accordingly, we sustain the County's points of error, reverse the judgment of the trial court as to the County, and remand the County's claims for new trial.

█ However, the District sought to overcome the property owners' hearsay ob-

jection at trial only by reference to the business records exception, and not the public records exception. Because the District did not offer testimony or an affidavit of the facts necessary to establish its business records exception, the hearsay objection to the District's exhibit was properly sustained by the trial court, and no error concerning the public records exception was preserved by the District. Therefore, we overrule the District's points of error and affirm the judgment of the trial court as to the claims of the District.

Justice LEE dissenting.

In the original majority opinion, we held that the appellate record did not demonstrate that the trial court abused its discretion in refusing to admit the "certified tax records" presented by appellants, Harris County and Cypress–Fairbanks Independent School District (Cypress–Fairbanks). Because I still believe that our original disposition was sound, I would overrule appellants' motion for rehearing. I note my dissent from the majority opinion substituted on rehearing.

Because neither tax entity tendered the excluded exhibits to the trial court as part of their bill, the actual documents which were offered as exhibits to the trial court are not part of the appellate record. Both tax entities admit that they did not request that the documents be included in their bills of exceptions. Thus, when the court reporter prepared the statement of facts for this case, the excluded exhibits were not included in the record.

The majority holds that even without the excluded documents, we can tell that the trial court abused its discretion in failing to admit the exhibits. To reach this conclusion, the majority relies on the statements made by the attorneys for Cypress–Fairbanks and Harris County, the exhibits admitted by the Tax Master and the documents attached to the county's brief.[1]

---

6. This is based simply on the fact that the authentication objections to the certified tax records were overruled, and not, as the dissent asserts, based on statements made by the taxing entities' attorneys, exhibits admitted by the Tax Master or documents attached to the taxing entities' briefs.

1. We cannot consider documents which are attached to briefs, unless they were before the trial court and are part of the appellate record. *Allen v. Automobile Ins. Co. of Hartford Connecticut,* 892 S.W.2d 198, 200 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Mitchison v. Houston Indep. Sch. Dist,* 803 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *see also*

The majority overlooks two well established rules of appellate review. First, the burden is on the appellant to bring forward a sufficient record to show reversible error. Tex.R.App. P. 50(d). Because the excluded documents are not part of our appellate record, the tax entities have failed to carry their burden. *See Pope v. Stephenson,* 787 S.W.2d 953, 954 (Tex.1990) (per curiam); *Carter v. Steere Tank Lines, Inc.,* 835 S.W.2d 176, 181–82 (Tex.App.—Amarillo 1992, writ denied) (plurality opinion). Second, when we are confronted with an incomplete record on appeal, we are to presume that the omitted portions of the record **support** the trial court's ruling. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *In the Matter of A.R.A.,* 898 S.W.2d 14, 16 (Tex.App.—Austin 1995, no writ); *Beck & Masten Pontiac–GMC, Inc. v. Harris County Appraisal Dist.,* 830 S.W.2d 291, 295 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

When reviewing a trial court's decision to exclude evidence, we will only reverse the if the court abused its discretion. Tex.R. Civ. Evid. 104; *North Dallas Diagnostic Ctr. v. Dewberry,* 900 S.W.2d 90, 93 (Tex.App.—Dallas 1995, writ denied); *Reichhold Chems., Inc. v. Puremco Mfg. Co.,* 854 S.W.2d 240, 247 (Tex.App.—Waco 1993, writ denied). A party seeking to introduce evidence as an exception to hearsay has the burden of clearly showing that the evidence falls within the exception. *Roberts v. Allison,* 836 S.W.2d 185, 191 (Tex.App.—Tyler 1992, writ denied). Therefore, the burden was on the tax entities to demonstrate that the public records exception applied to the exhibits.

The public records exception provides:

**Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information

or other circumstances indicate lack of trustworthiness.

Tex.R. Civ. Evid. 803(8). The only foundation required for admission of a document under the public records exception is that the document is authentic and that it falls within one of the three types of matter specified in the rule. *Cowan v. State,* 840 S.W.2d 435, 437 (Tex.Crim.App.1992). As the trial court overruled the property owners' authentication objection, the only remaining question for the court to determine was whether the exhibits fell within one of the three types of matter specified in the rule. This determination "may be met by circumstantial evidence from the face of the offered document." *Id.; see also Texas Rules of Evidence Handbook,* 30 Houston L.Rev. 897, 990 (2d ed.1993); 2 Texas Practice, *Guide to the Texas Rule of Evidence: Civil and Criminal* § 803.13 (1993).

The record indicates that the tax entities offered documents that they referred to as "certified delinquent tax statements" which the trial court implicitly found to be authentic by overruling the taxpayers' authentication objection. However, the record does not indicate whether these documents fall within one of the three categories necessary for the documents to be admissible under the public records exception. *See* Tex.R. Civ. Evid. 803(8); *Cowan,* 840 S.W.2d at 437.

Whether the documents were within the exception might have been discernible from the face of the documents. But, without the actual documents which were offered at trial, I believe that we cannot determine if the public records exception applies or hold that the trial court abused its discretion in refusing to admit the documents. Accordingly, I would overrule the tax entities two points of error, and affirm the judgment of the trial court.

---

*Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied); *Kraft*

*v. National Union Fire Ins. Co.,* 743 S.W.2d 672, 673 (Tex.App.—El Paso 1987, writ denied).